IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JTH TAX, INC., d/b/a LIBERTY TAX SERVICE,**

    **Plaintiff,**

    v.                                                                                CIVIL ACTION NO. 2:06cv418

**CARMEN VACCHIANO,**

    **Defendant.**

*MEMORANDUM OPINION & ORDER*

This matter is before the Court on Carman Vacchiano's ("Defendant") motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Defendant's motion to dismiss is **DENIED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

JTH Tax, Inc. d/b/a Liberty Tax Service ("Plaintiff") is a Delaware corporation with its principal place of business in Virginia Beach, Virginia. Defendant is a citizen of New Jersey. Defendant previously owned and operated three Liberty Tax Service franchises, which gave him the right to use Plaintiff's proprietary trademarks and methods in specified areas of Florida. On April 26, 2006, and May 11, 2006, Plaintiff sent Defendant two notices to cure for alleged breaches of the franchise agreements. On June 26, 2006, Plaintiff sent Defendant a letter

informing him that the franchise agreements had been terminated.  On July 24, 2006, Plaintiff filed a complaint against Defendant alleging one count of trademark infringement and one count of breach of contract.  Plaintiff seeks damages and an injunction that, in short, would require Defendant to stop infringing on Plaintiff's trademarks and to enforce the no-compete provisions of the franchise agreements.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks  subject matter jurisdiction.  Unless a matter involves an area over which federal courts have *exclusive* jurisdiction,[1] a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 (2000), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) (2000).

The Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence

---

[1] *See* 28 U.S.C. § 1333 (2000) (federal courts have exclusive jurisdiction to hear admiralty, maritime, and prize cases); 28 U.S.C. § 1334 (2000) (federal courts have exclusive jurisdiction to hear bankruptcy cases).

outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). The court must weigh the evidence before it to establish its jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) ("[A] court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion.").

### III. DISCUSSION

Plaintiff claims federal jurisdiction exists on both diversity and federal question grounds. Defendant challenges both grounds by asserting that the complaint itself is deficient and by challenging the underlying jurisdictional facts.

**A. Sufficiency of the Complaint**

Defendant argues that the complaint is facially deficient with respect to alleging diversity jurisdiction because Plaintiff can only claim $25,851.58 for breach of the franchise agreement, and the only place the complaint alleges a claim for more is in the "wherefore" clause where it requests judgment for $245,770.00. Plaintiff counters by arguing that the $245,770.00 demand is related to the injunction it seeks regarding trademark infringement and the no-compete clause of the franchise agreement.

The "legal certainty" test is used to determine whether a complaint meets the amount in controversy requirement. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The Supreme Court has stated, "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.*; *see also Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). "The rule governing dismissal for want of jurisdiction in cases

brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul*, 303 U.S. at 288 (internal citations omitted); *see also Shanaghan*, 58 F.3d at 112 ("Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case."). Once the presence of diversity jurisdiction has been challenged, the complainant has the burden of proving that subject matter diversity exists. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939). In addition, "[I]f some event subsequent to the complaint reduces the amount in controversy . . . the court must then decide in its discretion whether to retain jurisdiction over the remainder of the case." *Shanaghan*, 58 F.3d at 112. Therefore, in the instant case, the burden is on Plaintiff to show that, to a legal certainty, its claims are not for less than $75,000.00.

There are additional complications in computing the amount in controversy in cases where an injunction is requested. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In the United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit"), this amount can be calculated as the value to either party. *See Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002); *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964).

Plaintiff's complaint alleges ongoing trademark infringement and seeks an injunction that would require Defendant to discontinue using Plaintiff's trademarks, transfer the franchise phone numbers to Plaintiff, provide Plaintiff customer lists, tax returns and related documents, deliver

training materials to Plaintiff, and not prepare or file tax returns or solicit customers in Defendant's former territory or for twenty-five surrounding miles. In addition, Defendant does not dispute the existence of a $25,851.58 accounts receivable claim by Plaintiff. Defendant does not allege that Plaintiff's amount in controversy allegation was made in bad faith. In short, there is no reason to suspect that the value of the injunction plus the accounts receivable claim are not "to a legal certainty" worth more than $75,000.00. Plaintiff's complaint is facially sufficient in alleging diversity jurisdiction.

Defendant also argues that the complaint is facially deficient with respect to alleging trademark infringement. Defendant argues that Plaintiff's complaint only makes conclusory legal allegations. Whether federal question jurisdiction exists "must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). Plaintiff alleges federal question jurisdiction under 28 U.S.C. § 1338(a) (2000), which states, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." With respect to trademark actions, unlike patent and copyright claims, federal courts exercise jurisdiction concurrently with state courts. *Id.*

Plaintiff seeks remedies under two sections of the Lanham Act: an injunction under 15 U.S.C. § 1116 (2000) and damages under 15 U.S.C. § 1117 (2000). However, "A dispute does not invoke federal jurisdiction simply because the plaintiff seeks a remedy that happens to be available in a federal statute." *Gibralter, P.R., Inc. v. Otoki Group, Inc.*, 104 F.3d 616, 618 (4th Cir. 1997). In order to prevail under the Lanham Act for trademark infringement, "[A]

5

complainant must demonstrate that it has a valid, protectible trademark and that the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 930 (4th Cir. 1995). In order to state a federal cause of action under the Lanham Act, a complainant must therefore allege more than violation of ownership rights. *See Gibralter*, 104 F.3d at 619. A complainant must "address the registration and infringement of trademarks, not ownership disputes arising out of contracts." *Id.*

In the present case, Plaintiff has alleged that it owns four specific registered trademarks. Plaintiff states that Defendant no longer has any right to use these trademarks, and that, "Any use by Vacchiano of marks owned by Liberty, or ones confusingly similar thereto, constitutes infringement." Compl. ¶ 16. Plaintiff alleges that Defendant continues to operate his business under these marks. Plaintiff's complaint also requests an injunction that would require Defendant to "discontinue further use of the marks 'Liberty Income Tax,' 'Liberty Tax Service,' and 'Liberty Tax Service' and design, or any mark confusingly similar thereto . . . ." *Id.* ¶ 17. Plaintiff has alleged valid, protectable trademarks, Defendant's continued unauthorized use, and the "confusingly similar to" standard. Therefore, Plaintiff's allegation of federal question jurisdiction is facially sufficient.

**B. Jurisdictional Facts**

Defendant also attempts to challenge the facts underlying Plaintiff's basis for federal subject matter jurisdiction. Defendant's factual argument is essentially the same with respect to both subject matter and federal question bases: that Defendant ceased using Plaintiff's trademarks long before the complaint was filed. Therefore, Defendant argues that there is no

basis for the infringement action and that the requested injunction is valueless so that the amount in controversy requirement is not met. However, the Fourth Circuit has held that, "A factual attack on the jurisdictional allegations of a complaint is permissible so long as it does not involve the merits of the action." *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999). "When a factual attack on subject matter jurisdiction involves the merits of a dispute, ''[t]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.''" *Id.* (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981))). *North Carolina* involved a suit by the United States against the State of North Carolina where the United States alleged a pattern of gender discrimination in the hiring and promotion of female correctional officers. *Id.* at 578. The suit was brought in 1993 after an investigation of hiring practices in 1991. *Id.* The State of North Carolina challenged the court's subject matter jurisdiction by arguing that the there was a jurisdictional requirement for the Attorney General to have reasonable cause to believe there was an ongoing pattern of discrimination, and that there was no evidence to support a finding that discrimination was ongoing when the complaint was filed in 1993. *Id.* at 580. A consent decree that had been rejected by the district court, as well as the statistical evidence supporting it, only covered the years from 1984 through 1992. *Id.* at 578-79. The Fourth Circuit held that the United States had to prove that there was a pattern or practice of discrimination in order to prevail on the merits, and that North Carolina's jurisdictional argument also depended on whether there was a pattern or practice of discrimination. *Id.* at 580-81. The Fourth Circuit concluded that "while the merits and jurisdictional questions are not identical, they are so closely

related that the jurisdictional issue is not suited for resolution in the context of a motion to dismiss for lack of subject matter jurisdiction." *Id.* at 581.

In the present case, Defendant is essentially arguing that subject matter jurisdiction does not exist because there was no ongoing infringement when the complaint was filed. In order to prevail on the merits, Plaintiff will have to show infringement. As in *North Carolina*, the jurisdictional facts are closely entwined with the merits. As such, the proper course, "is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson*, 645 F.2d at 415.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 24, 2006